Xue v. Holder

BIA
Christensen, IJ
A200 923 597

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

SHAN HUI XUE,
*Petitioner,*

v.                                          13-2094
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Daniel E. Goldman, Assistant Director; Mona Maria Yousif, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Shan Hui Xue, a native and citizen of China, seeks review of an April 30, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") August 23, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shan Hui Xue*, No. A200 923 597 (B.I.A. Apr. 30, 2013), *aff'g* No. A200 923 597 (Immig. Ct. N.Y. City Aug. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that an asylum application is untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review "constitutional

2

claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Xue challenges only the weight accorded certain evidence. Accordingly, he has not raised a colorable question of law or constitutional claim. We therefore dismiss the petition as to asylum.

We do have jurisdiction to review the agency's denial of withholding of removal and CAT relief on credibility grounds. For applications, like Xue's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Here, substantial evidence supports the agency's decision.

As Xue's withholding of removal and CAT claims share the same factual predicate, the adverse credibility determination is dispositive of both. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4